UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCELLUS MITCHELL, | : |
| Petitioner, | : Civ. No. 16-9159 (KM) |
| v. | : |
| RICHARD H. BERDWIK, et al., | : OPINION |
| Respondents. | : |

## I. INTRODUCTION

The petitioner, Marcellus Mitchell, is a pretrial detainee lodged at the Passaic County Jail. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this Court will summarily dismiss the habeas petition without prejudice.

## II. STANDARD OF REVIEW: SCREENING

With respect to screening the petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to

dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

Mr. Mitchell names the following as respondents in this action: (1) Richard H. Berdwik – Sheriff; (2) Michael Tolerico – Warden Passaic County Jail; (3) Judge Ronald D. Wigler; and (4) Carolyn A. Murray – Prosecutor. The sole proper respondent in this § 2241 action is the custodian, *i.e.*, the warden of the institution where Mr. Mitchell is being held, Mr. Tolerico. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, the habeas petition will be dismissed with prejudice as to respondents Berdwik, Wigler and Murray.

Mr. Mitchell brings three claims in his habeas petition as a pretrial detainee. First, he claims that the state criminal litigation against him is vexatious because it lacks legal merit and is not founded on probable cause. More specifically, he attacks an identification of himself and claims that the prosecutor knew that there was no eyewitness placing him at the crime scene. Second, Mr. Mitchell asserts that there has been an inordinate delay by the state in processing his claims, most notably his claim challenging the suggestiveness and credibility of the evidence. Finally, Mr. Mitchell claims that the prosecutor has acted in bad faith by fabricating evidence against him.

The United States Court of Appeals for the Third Circuit has stated the required elements to obtain pretrial habeas relief as follows:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to

2

>a state criminal charge, the district court should exercise its "pretrial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore v. De Young*, 515 F.2d 437, 443 (3d Cir. 1975); *see also Johnston v. Artis*, No. 13–6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis*, No. 10–1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010). In *Moore*, the Third Circuit noted that delay, harassment, bad faith, or other intentional activity might constitute an extraordinary circumstance justifying federal court intervention before trial. 515 F.2d at 447 n.12.

At the outset, it is not entirely clear that Mr. Mitchell is attempting to bring federal claims in this habeas petition. Section 2241(c)(3) provides that Mr. Mitchell would only be entitled to federal habeas relief if he is in custody in violation of the United States Constitution or laws or treaties of the United States. Therefore, to the extent that the habeas petition is attempting to bring state law claims only, they are not cognizable in this federal habeas proceeding. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). I will assume for purposes of argument, however, that there is a federal component to the claims.

Mr. Mitchell admits in his habeas petition that he has not appealed any of the decisions giving rise to this habeas action. (*See* Dkt. No. 1 at p.2) Thus, it is clear that he has not exhausted his claims. This Court could only excuse this lack of exhaustion if extraordinary circumstances were present.

Mr. Mitchell's second claim alludes to inordinate delay. He refers in particular to the delay in deciding his motion that challenged the suggestiveness and credibility of the evidence. (*See* Dkt. No. 1 at p. 12) Much of that delay, however, appears to be attributable to Mr. Mitchell's having been represented by three different attorneys. This delay does not constitute an extraordinary circumstance that would excuse Mr. Mitchell's lack of exhaustion.

3

Mr. Mitchell's third claim alludes to prosecutorial bad faith. This bad faith, however, relates to the strength and validity, or not, of the evidence in the case. It does not constitute an extraordinary circumstance that would excuse Mr. Mitchell's failure to exhaust his state remedies. Mr. Mitchell will have the opportunity to contest the evidence that the prosecutor is bringing against him during the course of his criminal proceedings and any subsequent appeal or post-conviction relief proceeding. This Court is not empowered to intervene at this stage.

## IV. CONCLUSION

Mr. Mitchell's habeas claims against Berdnik, Wigler, and Murrary will be dismissed with prejudice, as they are not proper respondents in this case. The remaining habeas claims against Warden Tolerico are dismissed for failure to exhaust state remedies. That dismissal, however, does not bear on the merits of the case; it is therefore without prejudice to a later application based on a proper showing. An appropriate order will be entered.

DATED: November 14, 2017

KEVIN MCNULTY
United States District Judge

4